PER CURIAM.
The material allegations of the petition, in response to which writ of habeas corpus was issued and return required, allege that petitioner was tried, convicted and sentenced for breaking and entering with intent to commit a misdemeanor; that petitioner was a minor on the date he was tried and that his parents were not notified of the charge against him or the date of his trial as required by § 932.38, Florida Statutes, F.S.A. Petitioner alleges that he has never been married.
The return to the writ of habeas corpus admits that on October 5, 1960, petitioner was informed against by the State Attorney of the Eighth Judicial Circuit for the crime of breaking and entering with intent to commit a misdemeanor, to which petitioner entered a plea of guilty. Respondent further admits that on October 10, 1960, petitioner was adjudged guilty by the Circuit Court of Alachua County of the crime for which he was tried and sentenced to the state prison for four years and ten months.
Respondent admits that on the date of trial and sentencing petitioner was a minor, as is more fully shown by Exhibits 1 and 2 attached to the return hut respondent denies that petitioner’s mother was not notified that the petitioner had been informed against and that the provisions of § 932.38, Florida Statutes, F.S.A., requiring such notice, were not complied with. The return shows that notice of the charge against petitioner and the date of his trial were seasonably sent to petitioner’s mother by Honorable T. E. Duncan, State Attorney of the Eighth Judicial Circuit of Florida, including Alachua County, by registered mail. The State Attorney in due course received a return receipt indicating delivery of the notification to petitioner’s mother. All of which is more fully shown by affidavit of the State Attorney and photostatic copies of the notification sent to petitioner’s mother and return receipt attached thereto as Exhibits 4, 5 and 6, and made part of the return, all of which show compliance with § 932.38, Florida Statutes, F.S.A.
It follows that the allegations relied on by petitioner are devoid of merit and have no foundation in fact. In consideration of which the writ of habeas corpus heretofore entered in this cause is discharged and the petitioner is remanded to the custody of respondent.
It is so ordered.
ROBERTS, C. J., and TERRELL, THOMAS, DREW and THORNAL, JJ., concur.